# EXHIBIT B

Michael D. Seplow, SBN 150183
mseplow@sshhzlaw.com
Aidan C. McGlaze, SBN 277270
amcglaze@sshhzlaw.com
Schonbrun Seplow Harris Hoffman & Zeldes LLP
11543 W. Olympic Blvd.
Los Angeles, CA 90064
Tel: 310-396-0731
Fax: 310-399-7040

Gerard V. Mantese (MI Bar # P34424)
gmantese@manteselaw.com
David Honigman (MI Bar # P33146)
dhonigman@manteselaw.com
Kathryn Eisenstein (MI Bar #P66371)
keisenstein@manteselaw.com
Mantese Honigman, P.C.
1361 E. Big Beaver Road
Troy, MI 48083
Tel: 248-457-9200
Fax: (248)-457-9201

*Attorneys for Plaintiffs and Proposed Class Members*
[*Additional counsel on following page*]

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| ROSEMARIE VARGAS, KISHA SKIPPER, JAZMINE SPENCER, DEILLO RICHARDS, on behalf of themselves individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>FACEBOOK, INC.<br><br>Defendant. | Case No. 3:19-cv-5081-WHO<br><br>**PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANT'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>Judge: Hon. William H. Orrick<br>Courtroom 2, 17th Floor<br>Action Filed: August 16, 2019 |

Wilmer Harris, SBN 150407
wharris@sshhzlaw.com
Schonbrun Seplow Harris Hoffman & Zeldes LLP
715 Fremont Ave., Suite A
South Pasadena, CA  91030
Tel: 626-441-4129
Fax: 626-283-5770

Patricia A. Stamler (MI Bar #35905)
pstamler@hertzschram.com
Elizabeth Thomson (MI Bar #53579)
lthomson@hertzschram.com
Matthew Turchyn (MI Bar #76482)
mturchyn@hertzschram.com
Hertz Schram PC
1760 S. Telegraph Road, Suite 300
Bloomfield Hills, MI 48302
Tel: 248-335-5000
Fax: 248-335-3346

*Attorneys for Plaintiffs and Proposed Class Members.*

# INTRODUCTION

Defendant Facebook, Inc. ("Facebook"), significantly overstates the similarities between this case and the later-filed action *Opiotennione v. Facebook, Inc.*, No. 19-cv-07185-JSC, ("*Opiotennione*"). Contrary to Facebook's cursory analysis of the two cases, there are not sufficient similarities between them to warrant relating them under Civil L.R. 3-12. This is a case brought under the federal Fair Housing Act and the New York Human Rights Law based on Facebook's maintenance of advertising platforms that enable and encourage advertisers to discriminate against Facebook's users based on race and a number of other protected characteristics. (*See* ECF No. 48.) In contrast, *Opiotennione* involves allegations that Facebook violated California's Unruh Civil Rights Act and the D.C. Human Rights Act, based on Facebook's display of advertisements for financial services that allegedly discriminate solely on the bases of age and sex. (Ex. 1.)

Facebook's motion should be denied because it was not filed "promptly" upon learning of the two purportedly related actions, as required under Civil L.R. 3-12(a). Moreover, this case is not, in fact, related with *Opiotennione* under Civil L.R. 3-12(b) because the two cases are brought by different Plaintiffs with different causes of action and different facts. They have little in common other than a common Defendant, Facebook, and allegations of civil rights violations regarding Facebook's advertising practices. Accordingly, Facebook's motion should be denied because this case is not related to *Opiotennione* under Civil L.R. 3-12(a).

# STATEMENT OF FACTS

Plaintiffs, Rosemarie Vargas, Kisha Skipper, Jazmine Spencer, and Deillo Richards, filed their original Class Action Complaint in this case on August 16, 2019 (ECF No. 1.) On July 13, 2020, Plaintiffs filed their First Amended Class Action Complaint (the "FAC"). (ECF No. 48.) In the FAC, Plaintiffs allege that Facebook's data-collection algorithms and ad platform illegally enable redlining by excluding Facebook users from housing opportunities based on race, color, sex, familial status, disability,

national origin, and/or other protected classes. (ECF No. 1, at ¶¶ 54–93.) Specifically, Facebook created and maintained advertising tools that allowed advertisers to exclude individuals from the audiences of housing advertisements based on protected characteristics, and subsequently approved and published those advertisements.

Based on their factual allegations, Plaintiffs allege claims under the Fair Housing Act, 42 U.S.C. § 3604 (a), (c), and (d) and 42 U.S.C. § 3606, as well as the New York Human Rights Law, N.Y. Exec. L. § 290 *et seq.* (ECF No. 48, at 27–31.) Plaintiffs are pursuing this case as a class action for equitable relief, injunctive relief, and damages under Fed. R. Civ. P. 23(a), (b)(2), and (b)(3) on behalf of a putative nationwide class and a New York subclass.

*Opiotennione* was filed on October 31, 2019. The *Opiotennione* plaintiff, Neuhtah Opiotennione, filed her Amended Complaint for Violations of State Laws on March 31, 2020. (Ex. 1.) In her Amended Complaint, Opiotennione alleges that Facebook's advertising tools excluded her from viewing Facebook advertisements regarding financial services based on her age and sex. (Ex. 1, at p. 2.) Accordingly, she asserts that she was denied full and equal access to Facebook's accommodations in violation of California's Unruh Civil Rights Act, Cal. Civil Code §§ 51, 51.5, 52(a), and the D.C. Human Rights Act, D.C. Code §§ 2-1402.31. *Id.* Opiotennione is seeking to certify her case as a class action seeking damages under Fed. R. Civ. P. 23(a) and (b)(3). (Ex. 1, at ¶ 124.)

## **LEGAL STANDARDS**

In this District, cases are related if:

(1) The actions concern substantially the same parties, property, transaction or event; and

(2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges.

Civil L.R. 3-12(a). Neither of these elements is met. Also, a party seeking to relate two cases must file a motion under Local Rule 3-12 "promptly" upon "know[ing] or learn[ing]

that an action, filed in or removed to this district is (or the party believes that the action may be) related to an action which is or was pending in this District as defined in Civil L.R. 3-12(a)." Civil L.R. 3-12(b).

This Court has recognized that "implicit in Civil Local Rule 3-12(a) is the principle that single judges of this Court do not become responsible for all cases arising in one area of law, even when some of the same parties are involved." *Allen v. City of Oakland*, No. C00-4599 THE, 2011 U.S. Dist. LEXIS 135556, at *6 (N.D. Cal. Nov. 23, 2011). Even if cases involve similar factual allegations and legal issues, relation under L.R. 3-12 is not appropriate unless it would conserve judicial resources and promote the efficient resolution of the cases. *Ess Tec., Inc. v. Townshend*, No. C-99-202929 RMW, 2001 U.S. Dist. LEXIS 26350, at *16 (N.D. Cal. Nov. 27, 2001). Similar cases "can proceed before different judges without being unduly burdensome" when they involve issues that do not overlap. *Asus Computer Int'l v. Interdigital, Inc.*, No. 15-cv-01716-BLF, 2015 U.S. Dist. LEXIS 195785, at *3–4 (N.D. Cal. Jun. 15, 2015).

## ARGUMENT

### I. Facebook Failed to File "Promptly," as Required by Civil L.R. 3-12(b).

Facebook's motion should be denied because it was not filed "promptly" in accordance with Civil L.R. 3-12(b). This Court has recognized that an unjustified delay is a proper basis to deny a motion to relate cases under Civil L.R. 3-12(b). *See Rezner v. Bayerische Hypo-Und Vereinsbank AG*, No. C 06-02064 JW, 2009 U.S. Dist. LEXIS 103769, at *4–5 (N.D. Cal. Oct. 23, 2009) (holding that the "lapse of nearly a year" before a party sought to relate cases did "not meet the requirement under the Civil Local Rules that a motion to relate cases must be filed promptly"); *see also Dave Drilling Envtl. Eng'g, Inc. v. Gamblin*, No. 14-cv-02851-WHO, 2015 U.S. Dist. LEXIS 86919, at *2 (N.D. Cal. Jul. 2, 2015) (Orrick, J.) (holding that it was "misconduct" for a party to bring a related lawsuit "without filing a notice of related cases").

Facebook request to relate this case with *Opiotennione* was not brought promptly. The *Vargas* case was filed on August 16, 2019. *Opiotennione* was filed on October 31,

PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANT'S ADMINISTRATIVE MOTION TO CONSIDER
WHETHER CASES SHOULD BE RELATED

2019. Thus, it took Facebook almost nine months after the filing of a purportedly related case to bring this motion under Civil L.R. 3-12(b). Given the allegations in these two cases, Facebook knew or should have known that this case and *Opiotennione* involved the issues it now claims support relation as soon as *Opiotennione* was filed. Facebook's motion is anything but "prompt" after its delay. Thus, Facebook's motion should be denied because it does not comply with the applicable Local Rule. *See Rezner*, 2009 U.S. Dist. LEXIS 103769, at *4–5.

**II.    This Case Does Not Concern Substantially the Same Parties, Property, Transaction, or Event as *Opiotennione*.**

Even if this Court looks beyond Facebook's delay, Facebook's motion should be denied because this case is not, in fact, related to *Opiotennione* because it does not involve the same parties, property, transaction, or event as *Opiotennione*. This case does not have any plaintiffs in common with *Opiotennione*. (*Compare* ECF No. 48 *with* Ex. 1.) The transactions and events at issue in this case are different than those at issue in *Opiotennione* because this case involves housing discrimination based on race, color, sex, familial status, disability, national origin, and/or other protected classes, while *Opiotennione* is solely based on age and sex discrimination. (*Compare* ECF No. 1, at ¶¶ 54–93 *with* Ex. 1, at p. 2.) The subject matters are different – financial transactions versus housing.  Also, the classes sought to be certified are different: Plaintiffs here case seek certification of damages and injunctive classes under Fed. R. Civ. P. 23(a), (b)(2), and (b)(3), while the plaintiff in *Opiotennione* seeks certification of a damages class under Fed. R. Civ. P. 23(a) and (b)(3).

Facebook appears to be seeking to make this Court responsible for all civil rights cases brought against it that involve its advertising platform. Thus, Facebook's motion runs afoul of this Court's holding that "implicit in" Civil L.R. 3-12 is that it cannot to be used to make a single judge responsible for all cases of a certain type, even if a common party is involved. *See Allen*, 2011 U.S. Dist. LEXIS 135556, at *6. Facebook has not shown that this case is factually related to *Opiotennione*.

PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANT'S ADMINISTRATIVE MOTION TO CONSIDER
WHETHER CASES SHOULD BE RELATED

**III.** **There Will Not Be Unduly Burdensome Duplication of Labor and Expense or Conflicting Results if This Case Is Conducted Before a Different Judge than *Opiotennione*.**

Facebook has also failed to demonstrate that there will not be "unduly burdensome" duplication of labor and expense, or a risk of conflicting results if this case and *Opiotennione* proceed before different judges. Facebook does not even argue that there will be unduly burdensome duplication of labor and expense by proceeding before two different judges. (*See* ECF No. 50.) Instead, Facebook solely argues that there is a risk of inconsistent results. As discussed above, this case and *Opiotennione* are based on different facts. There will be no unduly burdensome duplication of labor or expense if these actions proceed before different judges.

## CONCLUSION

Plaintiffs request that this Court deny Defendant's Administrative Motion to Consider Whether Cases Should Be Related (ECF No. 33.).

Dated: July 22, 2020                Respectfully Submitted,

SCHONBRUN SEPLOW HARRIS HOFFMAN & ZELDES LLP

MANTESE HONIGMAN, P.C.

HERTZ SCHRAM PC

By:    /s/ Michael D. Seplow

Michael D. Seplow

*Attorneys for Plaintiffs/Proposed Class Members.*